## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) REX ALLEN STRIPLIN;  )
(2) MARCI STRIPLIN; and,  )
(3) KAMERON STRIPLIN,  )
  )
                    Plaintiffs,  )
vs.  )  Case No. CIV-19-57-G
  )
(1) VAUGHN AND SONS TRUCKING, LLC;  )
(2) TRACY GEER, individually; and,  )
(3) CENTRAL MARKETING TRANSPORT, LLC;  )
  )
                    Defendants.  )

## COMPLAINT

Come now the Plaintiffs, Rex Allen Striplin, Marci Striplin, and Kameron Striplin, and for their Complaint and Jury Demand, state as follows:

### NATURE OF THE ACTION

1. This is an action for compensatory and punitive damages as a result of the Defendants' actions or inactions, which resulted in serious and disabling personal injuries to Plaintiffs Rex Allen Striplin, Marci Striplin, and Kameron Striplin.

### PARTIES

2. Plaintiff Rex Allen Striplin was and is a resident and citizen of Yuma, Arizona, and, at the time of the collision, was operating a motor vehicle on Interstate 44 near Wellston, Oklahoma, located in Lincoln County, State of Oklahoma.

3. Plaintiff Marci Striplin was and is a resident and citizen of Yuma, Arizona, and, at the time of the collision, was a passenger in the vehicle operated by her husband,

Plaintiff Rex Allen Striplin, on Interstate 44 near Wellston, Oklahoma, located in Lincoln County, State of Oklahoma.

4. Plaintiff Kameron Striplin was and is a resident and citizen of Yuma, Arizona, and, at the time of the collision, was a passenger in the vehicle operated by his father, Plaintiff Rex Allen Striplin, on Interstate 44 near Wellston, Oklahoma, located in Lincoln County, State of Oklahoma. Plaintiff Kameron Striplin is the adult child of Plaintiffs Rex Allen Striplin and Marci Striplin.

5. Defendant Vaughn and Sons Trucking, L.L.C., is a foreign for-profit corporation incorporated in the State of Missouri for the purpose of long-haul trucking transport for hire with its principal place of business located at 121 S. Old Orchard, Strafford, Missouri, 65757.

6. Defendant Tracy Alan Geer is and was an individual residing in St. Robert, Missouri, and was, at the time of the collision which is the subject matter of this case, performing his business as a long-haul trucker as an agent and/or an employee of Vaugh Sons Trucking, L.L.C., in the State of Oklahoma, Lincoln County, Oklahoma. Defendant Geer may be served with process at his home address via certified mail, return receipt requested, at 15525 Hardin Ln., St. Robert, MO 65584.

7. Defendant Central Marketing Transport, L.L.C., is a foreign for-profit corporation incorporated in the State of Ohio for the purpose of long-haul trucking transport for hire with its principal place of business located at 8727 S. U.S. Highway 31, Edinburgh, IN 46124. Defendant Central Marketing Transport may be served via its

registered agent, the Oklahoma Secretary of State, 421 N.W. 13th Street, Suite 210, Oklahoma City, OK 73103.

8. This Court has jurisdiction of the subject matter of this litigation as all parties are diverse from one another and the amount in controversy exceeds $75,000.00 as required by 28 U.S.C. § 1332.

9. Venue is appropriate in this Court, as a substantial part of the events or omissions giving rise to the claim occurred in Lincoln County, State of Oklahoma.

## FACTS

10. Defendants Vaughn and Sons Trucking, L.L.C. and/or Defendant Central Marketing Transport, L.L.C., were the owners of and were legally responsible for the trailer and tractor operated by Defendant Geer on June 26, 2017.

11. To the best of Plaintiffs' knowledge and belief, Defendant Geer was an employee and/or agent for Defendant Vaughn and Sons Trucking, L.L.C. and/or Defendant Central Marketing Transport, L.L.C., and was acting within the scope and course of the business of the Defendants at all relevant times.

12. To the best of Plaintiffs' knowledge and belief, Defendant Central Marketing Transport, L.L.C., was brokered the freight that was carried by Defendants Vaughn and Sons Trucking, L.L.C., and Defendant Geer at the time of the crash.

13. The provisions of 49 CFR §§ 301-399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR" are applicable to this case and Defendants were subject to, and were required to obey, these regulations, inter alia, at the time of the collision and at all relevant times prior to the collision.

14. On June 26, 2017, Plaintiff Rex Allen Striplin was driving eastbound on Interstate 44 near Wellston, Oklahoma, Lincoln County, State of Oklahoma.

15. Plaintiff Rex Allen Striplin's wife, Marci Striplin, was the front seat passenger and his adult son, Kameron Striplin, was located in the driver's side rear seat.

16. On June 26, 2017, Defendant Geer was driving a 2012 white Mack semi-truck, VIN 1M1AW07Y3CM024157 (hereinafter "Subject Truck").

17. At approximately 5:02 p.m., the vehicle driven by Plaintiff Striplin and the Subject Truck driven by Defendant Geer were both located in the inside lane of eastbound Interstate 44.

18. At approximately 5:02 p.m., the vehicle driven by Plaintiff Striplin was located directly in front of the Subject Truck driven by Defendant Geer in the inside lane of eastbound Interstate 44.

19. On June 26, 2017, at approximately 5:02 p.m., the outside lane of eastbound Interstate 44 was closed due to road construction.

20. On June 26, 2017, at approximately 5:02 p.m., the speed limit for eastbound Interstate 44 near MM 153 was 65 miles per hour due to the construction zone.

21. On June 26, 2017, at approximately 5:02 p.m., Plaintiff Striplin slowed down due to traffic ahead of his vehicle.

22. On June 26, 2017, at approximately 5:02 p.m., Defendant Geer failed to slow down behind the vehicle driven by Plaintiff Striplin.

23. As a result of Defendant Geer's failure to slow down behind the vehicle driven by Plaintiff Striplin, the semi-truck driven by Defendant Geer collided into the rear of the vehicle driven by Plaintiff Striplin.

24. After hitting the vehicle driven by Plaintiff Striplin, the semi-truck driven by Defendant Geer continued eastbound and collided into the rear of another vehicle driven by Anderson Berryhill.

25. The collision caused serious personal injuries to the Plaintiffs.

26. As a result, the Plaintiffs have incurred medical expenses and other damage, including loss of personal property.

## COUNT 1 – NEGLIGENCE AND NEGLIENCE *PER SE* AS TO DEFENDANT GEER

Plaintiffs incorporate and re-allege the foregoing paragraphs.

27. On June 26, 2017, Defendant Geer was at all times relevant hereto an agent and/or employee of Defendant Vaughn and Sons Trucking, L.L.C. and/or Defendant Central Marketing Transport, L.L.C.

28. Defendant Geer's acts or omissions as an agent and/or employee of Vaughn and Sons Trucking, L.L.C., are the acts or omissions of Vaughn and Sons Trucking, L.L.C. and/or Defendant Central Marketing Transport, L.L.C.

29. On June 26, 2017, Defendant Geer had a duty to comply with federal regulations in his operation of the tractor-trailer owned by Defendant Vaughn and Sons Trucking, L.L.C.

30. On June 26, 2017, Defendant Geer had a duty to comply with driving laws from the State of Oklahoma in the operation of the tractor-trailer owned by Defendant Vaughn and Sons Trucking, L.L.C.

31. Defendant Geer had a duty to comply with all hours of service regulations promulgated by the Federal Motor Carrier Safety Administration.

32. Defendant Geer had a duty comply with all company policies and procedures promulgated by Defendant Vaughn and Sons Trucking.

33. Defendant Geer had a duty to exercise reasonable care in the operation of his tractor trailer.

34. Defendant Geer had a duty to operate his tractor trailer in a careful, prudent, and lawful manner.

35. Defendant Geer had a duty to devote his full time and attention to the roadway.

36. Defendant Geer had a duty to drive the tractor-trailer in an alert condition, paying attention to the road and the vehicles on it.

37. Defendant Geer had a duty to not to follow vehicles more closely than is reasonable and prudent.

38. Defendant Geer had a duty to maintain due regard for the speed of the vehicles in front of him.

39. Defendant Geer had a duty to maintain due regard for the condition of the highway.

40. Defendant Geer had a duty to maintain due regard for the construction zone in which he was traveling at the time of the crash.

41. On June 26, 2017, Defendant Geer, as the driver of a semi-truck in a construction zone, had a duty to maintain a safe distance between his vehicle and the vehicles in front of his semi-truck.

42. On June 26, 2017, Defendant Geer, as the driver of a semi-truck in a construction zone, had a duty to not follow the vehicles in front of his semi-truck too closely.

43. On June 26, 2017, Defendant Geer, as the driver of a semi-truck in a construction zone, had a duty to maintain due regard for the speed of the vehicles in front of his semi-truck.

44. On June 26, 2017, Defendant Geer, as the driver of a semi-truck in a construction zone, had a duty to maintain due regard for the conditions of the highway and the vehicles on it.

45. On June 26, 2017, Defendant Geer failed to exercise due care while operating his tractor trailer.

46. On June 26, 2017, Defendant Geer did not pay proper attention to the highway and his surroundings, including the vehicles on the highway.

47. At the time of the collision, Defendant Geer failed to exercise due care by driving the tractor-trailer carelessly, failing to observe vehicles on the highway, and driving

in a reckless manner by disregarding the actual and potential hazards existing on the roadway.

48. Defendant Geer was, at the time of the collision giving rise to this litigation, driving the tractor-trailer in a reckless, careless, negligent and dangerous manner.

49. At the time of the collision, Defendant Geer failed to exercise due care by driving the tractor-trailer carelessly and erratically, failing to observe the vehicles on the highway, failing to properly yield the right-of-way to the vehicles on the highway, and disregarding the actual and potential hazards then existing.

50. On June 26, 2017, Defendant Geer failed to maintain a safe and prudent distance between his semi-truck and the vehicle driven by Plaintiff Striplin.

51. On June 26, 2017, Defendant Geer failed to maintain a safe and prudent speed considering the highway and his surroundings.

52. At the time and place of this collision, Defendant Geer was negligent, inter alia, in that he:

    a. Failed to keep a proper lookout;

    b. Failed to maintain a safe distance between his semi-truck and the vehicles in front of him;

    c. Failed to maintain a safe speed;

    d. Failed to operate his vehicle in a manner considerate of the safety and lives of the other persons lawfully on the road;

    e. Failed to maintain an awareness of the road and traffic conditions and environment in which he was driving;

    f. Drove such vehicle in a reckless manner.

53. Defendant Geer was negligent *per se* in violating particular Oklahoma vehicle and traffic law and regulations, including, but not limited to:

    a. 47 O.S. §11-102, which states that drivers are required to obey all traffic laws;

    b. 47 O.S. §11-901(b), which states that the operator of every vehicle, while driving, shall devote their full time and attention to such driving; and,

    c. 47 O.S. §11-310(a), which states that drivers shall not follow another vehicle more closely than is reasonable and prudent, having due

regard for the speed of the such vehicles and the traffic upon and the condition of the highway;

54. The aforementioned collision was the direct and proximate result of the negligence of Tracy Alan Geer, acting as an agent and/or employee within the scope of his employment for Defendant Vaughn and Sons Trucking

55. The negligence of Defendant Geer, as described above, was grossly negligent, willful, wanton, reckless, or at the very least in reckless disregard of the rights of others, including the Plaintiffs such that Defendant Geer should be liable for punitive damages.

## COUNT II – NEGLIGENT ENTRUSTMENT AGAINST DEFENDANT VAUGHN AND SONS TRUCKING, L.L.C. and DEFENDANT CENTRAL MARKETING TRANSPORT

56. Plaintiffs incorporate and re-allege the foregoing paragraphs.

57. Defendant Vaughn and Sons Trucking and Defendant Central Marketing Transport, L.L.C., had a duty to use ordinary care to avoid providing a vehicle to a driver they knew or was intoxicated, careless, reckless and/or incompetent to drive.

58. Defendants Vaughn and Sons Trucking knew or should have known that Defendant Geer was intoxicated, careless, reckless, and/or incompetent to drive at the time of the crash on June 26, 2017.

59. Defendants Vaughn and Sons Trucking should not have permitted or entrusted Defendant Geer to operate the 2012 Mack semi-truck on June 26, 2017.

60. Defendant Vaughn and Sons Trucking knew or should have known that Tracy Geer was incompetent and reckless to operate such vehicle on June 26, 2017.

Nevertheless, Defendant, by its own actions, negligently entrusted Tracy Geer to drive the motor vehicle thereby creating an appreciable risk of harm to the Plaintiff and a relational duty owed to the Plaintiff.

61. Defendants Vaughn and Sons Trucking knew or should have known that Defendant Geer was likely to drive negligently at the time it supplied a vehicle to their agent and/or employee.

62. As a direct and proximate cause of the negligent entrustment of Defendant Vaughn and Sons Trucking, Plaintiffs suffered damages as set forth below in the DAMAGES section.

**COUNT III – VICARIOUS LIABILITY/RESPONDEAT SUPERIOR AS TO THE DEFENDANT VAUGHN AND SONS TRUCKING, L.L.C. and DEFENDANT CENTRAL MARKETING TRANSPORT, L.L.C.**

63. At all relevant time periods Defendant Tracy Geer's was an employee/agent of Defendant Vaughn and Sons Trucking and/or Defendant Central Marketing Transport, L.L.C. At all relevant time periods Defendant Geer was acting within the scope of his employment.

64. At all relevant time periods, Defendant Vaughn and Sons Trucking and/or Defendant Central Marketing Transport, L.L.C., employed, controlled and managed Defendant Geer with respect to his operation of the tractor trailer at issue on behalf of and in the interests of such Defendants.

65. In addition to their own negligence and direct action as described above, Defendant Vaughn and Sons Trucking and/or Defendant Central Marketing Transport, L.L.C., are responsible under *respondeat superior* and vicariously liable for any damages

resulting from any negligence accomplished by Defendant Geer, an employee and individual under their management, direction and control, as delineated above.

66. The actions described above are the direct and proximate cause of the injuries sustained by the Plaintiffs, including severe pain and suffering.

67. Defendants Vaughn and Sons Trucking and/or Defendant Central Marketing Transport, L.L.C., by negligently entrusting and/or negligently hiring, training, and supervising Defendant Geer, knowingly, intentionally, recklessly, and/or willfully disregarded the minimum safe practices of commercial truck drivers and safe motor carriers.

68. Defendants knew or ought to have known, in the light of the surrounding circumstances, that their conduct described herein would naturally and probably result in injury and damage, and Defendants continued such conduct in reckless disregard of the consequences.

69. Defendants acted in reckless and conscious disregard for the rights of other drivers and passengers on Oklahoma roadways, including Plaintiffs.

## DAMAGES

70. Plaintiffs incorporate by reference the preceding allegations here.

71. As a result of Defendants' negligence complained of herein, Plaintiff Rex Allen Striplin incurred the following damages:

   a. Bodily injuries requiring medical treatment;

   b. Physical pain and suffering;

   c. Mental anguish and emotional distress;

    d.    Past and future medical bills and other related expenses;

    e.    Permanent scarring and disfigurement;

    f.    Lost wages, including loss of wage earning capacity in the future;

    g.    Loss of enjoyment of life; and

    f.    Plaintiff's injuries are continuing and permanent in nature.

72.    As a result of Defendants' negligence complained of herein, Plaintiff Marci Striplin incurred the following damages:

    a.    Bodily injuries requiring medical treatment;

    b.    Physical pain and suffering;

    c.    Mental anguish and emotional distress;

    d.    Past and future medical bills and other related expenses;

    e.    Permanent scarring and disfigurement;

    g.    Loss of enjoyment of life; and

    f.    Plaintiff's injuries are continuing and permanent in nature.

73.    As a result of Defendants' negligence complained of herein, Plaintiff Kameron Striplin incurred the following damages:

    a.    Bodily injuries requiring medical treatment;

    b.    Physical pain and suffering;

    c.    Mental anguish and emotional distress;

    d.    Past medical bills and other related expenses; and,

    g.    Loss of enjoyment of life.

74. Plaintiffs also sustained damages and/or total losses to personal property as a result of the crash for which they deserve reasonable and fair compensation.

75. As a direct and proximate result of Defendants' actions/inactions outlined above, Plaintiffs are entitled to punitive damages against Defendants.

WHEREFORE, Plaintiffs pray for judgment against the Defendants, jointly and severally, in excess of the amount necessary for federal jurisdiction in diversity of citizenship cases; for compensatory and punitive damages; pre-judgment interest; for attorney's fees and costs; and for all other just and proper relief to which they may prove entitled.

Respectfully submitted,

*/s/ Andy Campbell*

L. Ray Maples, OBA No. 18586
Glendell D. Nix, OBA No. 13747
Nicole R. Snapp-Holloway, OBA No. 18472
Andy J. Campbell, OBA No. 30512
MAPLES, NIX & DIESSELHORST
15401 N. May Avenue
Edmond, Oklahoma 73013
Tel: 405-478-3737
Fax: 405-513-5005
Email: ray@mndlawfirm.com
glendell@mndlawfirm.com
nicole@mndlawfirm.com
andy@mndlawfirm.com
**ATTORNEYS FOR PLAINTIFFS**
**JURY TRIAL DEMANDED**